**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Civil Case Number: _____

| | |
|---|---|
| Reinhard Meyhoefer, | : |
|                Plaintiff, | : |
| vs. | : |
| Medical Data Systems, Inc., | : |
|                Defendant. | : |

**COMPLAINT**

For this Complaint, the Plaintiff, Reinhard Meyhoefer, by undersigned counsel, states as follows:

**JURISDICTION**

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") in its illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

**PARTIES**

3. The Plaintiff, Reinhard Meyhoefer ("Plaintiff"), is an adult individual residing in Mesquite, Nevada, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and 559.55(2).

4. The Defendant, Medical Data Systems, Inc. ("MDS"), is a Florida business entity with an address of 2001 9th Avenue, Suite 312, Vero Beach, Florida 32960, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and is a "creditor" as defined in 559.55(3).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

5. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

6. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7. The Debt was purchased, assigned or transferred to MDS for collection, or MDS was employed by the Creditor to collect the Debt.

8. MDS attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. MDS Engaged in Harassment and Abusive Tactics

9. Within the last year, MDS began calling Plaintiff in an attempt to collect the Debt from Plaintiff's friend Klaus (the "Debtor").

10. On or around June 9, 2020, Plaintiff told MDS that Klaus cannot be reached at his number.

11. Plaintiff demanded that MDS cease calls to his number.

12. Nevertheless, on or about June 16, 2020, MDS harassed Plaintiff with another collection call after Plaintiff advised MDS that the Debtor could not be reached at his number and to cease calls.

### C. Plaintiff Suffered Actual Damages

13. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

14. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

15. The Plaintiff incorporates by reference Paragraphs 1 through 13 of this Complaint as though fully stated herein.

16. The Defendant's conduct violated 15 U.S.C. § 1692b(1) in that Defendant contacted third parties for purposes other than to confirm or correct location information.

17. The Defendant's communicated with the Plaintiff regarding a third-party debt more than once without being requested to do so, in violation of 15 U.S.C. § 1692b(3).

18. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

19. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

20. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

21. The Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

4. Such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: October 6, 2020

Respectfully submitted,

By: /s/ Matthew Fornaro

Matthew Fornaro, Esq.
Florida Bar No. 0650641
11555 Heron Bay Boulevard, Suite 200
Coral Springs, FL 33076
Telephone: (954) 324-3651
Facsimile: (954) 248-2099
E-mail: mfornaro@fornarolegal.com